**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**LEXINGTON DIVISION**
**CIVIL ACTION NO. 5:15-CV-00326-KKC**

**MICHAEL W. DICKINSON, INC.,**                                          **PLAINTIFF**

**vs.**

**KEENELAND ASSOCIATION, INC.**                                          **DEFENDANT**

_____

**MEMORANDUM IN SUPPORT OF KEENELAND'S**
**MOTION TO DISMISS PLAINTIFF'S COMPLAINT**
_____

Defendant Keeneland Association, Inc. ("Keeneland"), by counsel, and pursuant to Federal Rule of Civil Procedure 12(b)(6) and Federal Rule of Civil Procedure 12(b)(7), submits its memorandum in support of its Motion to Dismiss Plaintiff's Complaint.

**INTRODUCTION**

Plaintiff filed this lawsuit in an effort to pierce the corporate veil of Martin Collins Surfaces & Footings, LLC ("MCSF"). See Complaint, at para. 1. Plaintiff's stated purpose in piercing MCSF's corporate veil is to attempt to enforce, against Keeneland, a judgment that Plaintiff holds against MCSF. Id. As Plaintiff acknowledges, Keeneland is not now, nor was it ever, an owner or member of MCSF. See Complaint, at para. 4. Instead, MCSF was at all times owned in equal parts by two entities that are not named in this lawsuit: (1) Martin Collins

1

International, Ltd. ("MCI") and (2) Keeneland Ventures PT, LLC ("KVP")[1]. Despite the fact that the singular expressed purpose of Plaintiff's lawsuit is to pierce *MCSF's* corporate veil, Plaintiff has also failed to name MCSF as a party.  To reach Keeneland, Plaintiff would need to first pierce MCSF and then pierce KVP.  Plaintiff's effort here is an attempt to bypass this process and go after Keeneland directly.

Importantly, this is the **second** time Plaintiff has attempted to pierce the veil and go after Keeneland's assets in an effort to collect on the judgment.  This Court – through Judge Hood – rejected it before in 2012, and there is no reason to reconsider that ruling here.  This Court's prior decision alone justifies dismissal.

There are, however, additional reasons to dismiss this case based on the allegations (or lack thereof) in the Complaint.  Plaintiff relies on bare legal conclusions and unsupported factual inferences, in seeking the extraordinary relief of having this Court pierce the corporate form of both MCSF and KVP (without naming either as a party) in an effort to collect its debt from what it apparently believes to be the most financially capable party. Plaintiff's Complaint falls well-short of alleging any legitimate factual basis for piercing MCSF's corporate veil and recovering against Keeneland and fails to join the parties necessary to obtain the requested relief.

The Complaint, therefore, should be dismissed for failure to state a claim for which relief can be granted against Keeneland under Fed. R. Civ. P. 12(b)(6) and for failure to join required parties under Fed. R. Civ. P. 12(b)(7).

---

[1] Keeneland is the sole member of KVP, but has no direct ownership or managerial interest in MCSF. Keeneland has no affiliation with MCI. Although not explicitly stated in the Complaint, this information is contained in the public corporate records of these entities. https://app.sos.ky.gov/ftshow/ (S(ag0mbmqmxwp0ii04j3flxzgr))/default.aspx?path=ftsearch&id=0590946&ct=06&cs=99999.  Therefore, this Court may take notice of these facts without considering such information to be outside of the appropriate scope of this Fed. R. Civ. P. 12 motion. See e.g. Jackson v. City of Columbus, 194 F.3d 737 (6th Cir. 1999).

**ARGUMENT**

I. **Plaintiff has not stated a plausible claim for relief against Keeneland and therefore dismissal is appropriate under Fed. R. Civ. P. 12(b)(6).**

   A. **Standard of Review.**

To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a complaint must state a plausible claim that "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Courts are now compelled to conduct a rigorous review of claims at the pleading stage. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 557-558 (2007). To that end, a court must take the plaintiff's well-pled factual allegations as true; however it "need not accept as true legal conclusions or unwarranted factual inferences." Severe Records, LLC v. Rich, 658 F.3d 571, 578 (6th Cir. 2011) (internal quotation marks omitted).

A complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level" and must "state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully" or a "formulaic recitation of the elements" required. Iqbal, 556 U.S. at 678. To avoid dismissal, the facts as pled in the complaint must take a plaintiff's claims "across the line from conceivable to plausible." Twombly, 550 U.S. at 570.

   B. **Standard for piercing the corporate veil.[2]**

Kentucky law recognizes the fundamental premise that "[a] corporate parent which owns the shares of a subsidiary does not, for that reason alone, own or have legal title to the assets of

---

[2] A federal court sitting in diversity applies the choice of law rules of the forum state to determine which state's applicable substantive law applies. See Klacon Co. v. Stentor Elec. Mfg. Co., 313 U.S. 487, 496 (1941). Kentucky courts have held that, for veil piercing claims, the law of the state where the entity to be pierced was organized shall apply. See Howell Contractors, Inc. v. Berling, 383 S.W.3d 465, 467-468 (Ky. 2012). MCSF was a Kentucky limited liability company; therefore Kentucky substantive law controls in this case.

3

the subsidiary; and, it follows with even greater force, the parent does not own or have legal title to the subsidiaries of the subsidiary." Pro Tanks Leasing v. Midwest Propane & Refined Fuels, LLC, 988 F. Supp. 2d 772, 783 (W.D. Ky. 2013) (quoting Dole Food Co. v. Patrickson, 538 U.S. 468, 474, (2003)).[3] It is axiomatic that "the exercise of the 'control' which stock ownership gives to the stockholders . . . will not create liability beyond the assets of the subsidiary. That 'control' includes the election of directors, the making of by-laws . . . and the doing of all other acts incident to the legal status of stockholders." Id. (quoting U.S. v. Bestfoods, 524 U.S. 51, 61-62 (1998)). "Nor will a duplication of some or all of the directors or executive officers be fatal." Id.

The "corporate veil should be pierced only reluctantly and cautiously." In re ClassicStar Mare Lease Litig., 823 F. Supp. 2d 599, 642 (E.D. Ky. 2011).  Under Kentucky law, a plaintiff may pierce a corporate veil only by demonstrating both of two dispositive elements: "(1) domination of the corporation resulting in a loss of corporate separateness *and* (2) circumstances under which continued recognition of the corporation would sanction fraud or promote injustice." Inter-Tel Techs., Inc. v. Linn Station Props., LLC, 360 S.W.3d 152, 165 (Ky. 2012).

As to the first element – loss of corporate separateness –  courts are to consider a number of non-exclusive factors, including:

(1) inadequate capitalization;
(2) failure to issue stock;
(3) failure to observe corporate formalities;
(4) nonpayment of dividends;
(5) insolvency of the debtor corporation;
(6) nonfunctioning of the other officers or directors;
(7) absence of corporate records;
(8) commingling of funds;
(9) diversion of assets from the corporation by or to a stockholder or other person or entity to the detriment of creditors;
(10) failure to maintain arm's-length relationships among related entities; and

---

[3]   Courts, including those within the Sixth Circuit, apply corporate veil piercing principals equally to limited liability companies. See e.g., Pro Tanks Leasing v. Midwest Propane & Refined Fuels, LLC, 988 F. Supp. 2d 772 (W.D. Ky. 2013).

4

(11) whether, in fact, the corporation is a mere facade for the operation of the dominant stockholders.

Inter-Tel, 360 S.W.3d at 164. For the second element – sanctioning fraud or injustice – the trial court must "state specifically the fraud or injustice that would be sanctioned if the court declined to pierce the corporate veil." Id. at 165. The burden of proof for demonstrating the specific factual grounds for piercing the corporate veil lies with "the party seeking to impose liability on the parent corporation." Pro Tanks, 988 F. Supp. at 783 (quoting Corrigan v. U.S. Steel Corp., 478 F.3d 718, 724 (6th Cir. 2007)).

> **C**. **Plaintiff has not adequately pleaded loss of corporate separateness as to MCSF or that failure to pierce MCSF's corporate veil would promote fraud or injustice.**
>
> > *(i)    This Court previously ruled that there was no factual basis to support veil piercing against MCSF.*

Plaintiff's claims derive wholly from its prior lawsuit against MCSF: *Michael W. Dickinson, Inc. v. Martin Collins Surfaces & Footings, LLC*, 5:11-cv-00281-JMH (the "Judgment Proceeding"). Complaint, at para. 1. As Plaintiff acknowledges, following entry of judgment against MCSF in the underlying Judgment Proceeding, Plaintiff sought discovery of the financial information of certain third parties, including Keeneland. Complaint at para.17. In response to Plaintiff's attempt to seek discovery from Keeneland, this Court directly confronted whether facts existed to support piercing MCSF's corporate veil:

> Plaintiff argues that it can broadly pursue post-judgment discovery against Keeneland Ventures, Keeneland Association, and/or MCI under the theory that these parties breached the corporeal form, and thus it is appropriate for the Court to pierce the corporate veil…Although Plaintiff has not presented any facts suggesting that any breach of the corporeal form has occurred, he argues, without providing any legal authority, the he need not set forth facts supporting veil piercing at this point.

5

Judgment Proceeding, Memorandum Opinion & Order filed November 20, 2012 [D.E. 67] ("Judgment Proceeding Opinion"), at p. 8. In denying the Plaintiff's effort to obtain discovery from Keeneland, this Court then plainly rejected the existence of any basis to support piercing:

> In this case, veil piercing was not an issue in the underlying case, and Plaintiff provides no facts suggesting that veil piercing is appropriate now. Rather, Plaintiff's theory of discovery arises out of the idea that partners have liabilities for partnership debts and that – by extension – an alter ego theory could let it recover against these entities if they are in fact determined to be partners. The premise of Plaintiff's argument is fundamentally flawed, since, as explained above, there is no evidence that there existed a partnership in lieu of a limited liability corporation. **Moreover, there is simply no evidence that any third party was disregarding corporate formalities with Defendant. Therefore, what Plaintiff essentially asks this Court to do is to allow it to engage in a fishing expedition under the guise of post-judgment discovery to determine if a basis exists to pierce the corporate veil, even though no facts currently suggest that piercing is appropriate.**

Id. at 9-10.

Consistent with the Court's ruling in the Judgment Proceeding, Plaintiff now concedes that the Court "based its denial of third-party discovery on the lack of any evidence on which to base a claim to pierce the corporate veil of MCSF that would make the records of the third-parties relevant." Complaint, at para 18. It is clear, therefore, that any grounds for supporting veil piercing in the instant lawsuit must be derived from newly acquired facts or information, and not merely rehashed from Plaintiff's prior attempt to pierce MCSF's corporate veil.

### (ii) *Plaintiff's Complaint does not contain plausible factual allegations supporting the requested relief.*

Plaintiff alleges that it has obtained supporting factual evidence that now warrants the filing of an action to pierce MCSF. Complaint, at p. 4-5. This purported factual evidence is based solely upon the Declaration of Anthony Paul James (the "Declaration") – a former

employee of one of MCSF's two owners, MCI.[4] The validity of Plaintiff's claims therefore hinges entirely upon whether the Declaration presents facts that "raise a right to relief above the speculative level" and "state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. Plaintiff's allegations in that respect fall well-short of the showing required to withstand scrutiny under Fed. R. Civ. P. 12(b)(6).

First, Plaintiff has not alleged domination of MSCF by Keeneland such that there was a loss of corporate separateness between those two entities. In the entirety of the Declaration and Complaint, the only allegations that are relevant to this Court's veil piercing analysis are those set forth in paragraphs 9 through 19 of the Declaration and in the corresponding allegations contained at paragraphs 22 through 28 of the Complaint. Those allegations, which Plaintiff believes are sufficient to warrant piercing MCSF's corporate veil, can be distilled into only three distinct factual allegations, none of which are sufficient to warrant piercing MCSF's corporate veil:

> (1) **Keeneland did not hold directors or member meetings (Declaration, para. 11).** James provides no specific support for this assertion other than the alleged fact that he "requested and could not find nor received any meeting minutes" of Keeneland. This lawsuit seeks to pierce the corporate veil of MCSF, not Keeneland. Thus, Plaintiff cannot rely on this alleged fact to support an argument that MCSF failed to follow *its* corporate formalities. Whether or not James was able to find meeting minutes of Keeneland has no relevance or bearing as to the issue in this case: whether MCSF's veil should be pierced.
>
> (2) **Keeneland utilized its own employees to handle all aspects of MCSF's business (Declaration, para. 12).** Again, James provides no specific factual

---

[4] According to his Declaration, James' first involvement with MCSF was as a consultant in January 2009 and then as an employee commencing on October 5, 2009. Declaration at para. 4-5. Much of the conduct that the Complaint and Declaration allege support piercing MCSF's veil, however, occurred **prior** to James becoming involved with MCI. For example, the dispute between Plaintiff and MCSF regarding the use of Plaintiff's product (prior to 2008), the decision to enter into the patent license agreement (February 4, 2008) the first installment payment by MCSF (September 1, 2008) and the first missed annual payment (September 1, 2009), all occurred before James' employment began on October 5, 2009. It would appear unlikely that James has direct personal knowledge of the events preceding his involvement with MCI (and MCSF) and any statements relative to those time periods should be given little weight by the Court.

7

support for this assertion. Even if MCSF did utilize Keeneland employees within its operations, there is no basis in law or fact to conclude that the use of Keeneland's employees is evidence of a loss of corporate separateness. To be sure, Kentucky's limited liability company act expressly counsels that ownership or management of a limited liability company by even a **single** person or entity is not a basis to set aside limited liability. Ky. Rev. Stat. Ann. 275.150(1) ("That a limited liability company has a single member or a single manager is not a basis for setting aside the rule" of limited liability.). Here, of course, MCSF was not owned **solely** by **Keeneland**, but was instead **co-owned** by KVP (Keeneland's subsidiary) and MCI (a party wholly unrelated to Keeneland). The alleged use of Keeneland's employees within MCSF, therefore, does not indicate that veil piercing is warranted.

(3) **MCSF entered into a settlement with Plaintiff that led to a judgment against MCSF (Declaration, para. 13-16)**. Plaintiff alleges that MCSF entering into the non-exclusive patent license agreement somehow indicates that Keeneland's management "controlled" MCSF and "sacrificed the interest of MCSF for its own self-interest." Declaration, at para. 13-15. This, despite the fact that the purportedly improper agreement is the very same agreement over which Plaintiff sued and obtained the underlying judgment against MCSF and is now attempting to collect against Keeneland. James' affidavit provides no factual support for how Keeneland, or more appropriately, KVP, was any more responsible than MCI or MCSF for entering into the agreement – other than a wholly unsubstantiated claim that Keeneland forced MCSF to do so out of its own regulatory concerns. This kind of speculative, self-serving allegation is precisely the type of claim that Fed. R. Civ. P. 12(b)(6) is intended to guard against. See e.g. In re Darvocet, Darvon, & Propoxyphene Products Liab. Litig., 756 F.3d 917, 932 (6th Cir. 2014 ) (the "mere fact that someone believes something to be true does not create a plausible inference that it is true") (citing Twombly, 50 U.S. at 551); see also Twombly, 550 U.S. at 570 (To avoid dismissal, the facts as pled in the complaint must take a plaintiff's claims "across the line from conceivable to plausible.").

The balance of the substantive allegations in the Declaration assert conclusory allegations without providing **any** factual support for those allegations. See Declaration at para. 9 ("I discovered that Keeneland Association Inc. ("Keeneland") treated MCSF as its alter ego."); para. 10 ("My efforts to protect MCI's interest were thwarted by Keeneland, specifically CEO and President Nick Nicholson."); para. 17 ("Keeneland's management also took steps to pay off all

creditors except MWD Inc.")[5]; and para. 18 ("Keeneland guaranteed the loan from Central Bank to MCSF")[6]. These one-off, unsubstantiated statements are not connected to any broader, cohesive context and clearly do not meet the standard of plausibility required to survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6).

Second, Plaintiff has not articulated any way in which continued recognition of MCSF's corporate form would sanction fraud or promote injustice. Inter-Tel, 360 S.W.3d at 165. Once again, as to this element, the trial court must "state specifically the fraud or injustice that would be sanctioned if the court declined to pierce the corporate veil." Id. at 165. In Inter-Tel, Kentucky adopted the analysis of the Seventh Circuit in *Sea-Land Services, Inc. v. Pepper Source,* 941 F.2d 519 (7th Cir. 1991) in instructing that "something more than simply a creditor's inability to collect a debt" is required in order to satisfy this element – such as diverting corporate income or transferring corporate assets for the parent's own benefit. Id.; accord Pro Tanks Leasing v. Midwest Propane & Refined Fuels, LLC, 988 F. Supp. 2d 772, 792-793 (W.D. Ky. 2013). Plaintiff has not alleged facts that would demonstrate fraud or injustice. It is clear that Plaintiff's only basis for piercing MCSF's corporate veil is its own inability to collect on the judgment and, without more, that motivation is not an appropriate basis to pierce the corporate veil and pursue recovery against Keeneland.

Based on the foregoing, Plaintiff has not carried its burden to prove either of the elements required in order to pierce MCSF's corporate veil: (1) domination of the corporation resulting in a loss of corporate separateness or (2) circumstances under which continued recognition of the

---

[5] Plaintiff's Complaint, at numerical paragraphs 26 and 27, takes liberties in expanding the **actual** testimony of the Declaration with respect to MCSF's and Keeneland's relationship with creditors. Plaintiff's allegations are belied by the telling "upon information and belief" language of numerical paragraph 27 and the exclusion of these same facts in the Declaration. These allegations are nothing more than unwarranted factual inferences that cannot withstand scrutiny under Fed. R. Civ P. 12(b)(6).

[6] Plaintiff provides no support for how Keeneland guaranteeing MCSF's loan does anything but **benefit** MCSF, let alone how guaranteeing MCSF's loan in any way indicates a disregard for MCSF's corporate formalities.

9

corporation would sanction fraud or promote injustice. Inter-Tel Techs., Inc. v. Linn Station Props., LLC, 360 S.W.3d 152, 165 (Ky. 2012). Plaintiff's collection of bare legal conclusions and unwarranted factual inferences are insufficient to "state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. Accordingly, Plaintiff's Complaint should be dismissed under Fed. R. Civ. P. 12(b)(6) for failure to state a claim against Keeneland.

## II.     Plaintiff has failed to join required parties under Rule 19.

Federal Rule of Civil Procedure 12(b)(7) provides for dismissal of an action for failure to join a party in accordance with Rule 19. Fed. R. Civ. P. 19(a) sets forth the factors that must be considered in determining whether a person or entity is a required party for purposes of joinder. Specifically, Fed. R. Civ. P. 19(a)(1) provides that a person whose joinder will not deprive the court of subject matter jurisdiction must be joined as a party if:

> (A) in that person's absence, the court cannot accord complete relief among existing parties; or
> (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:
> > (i) as a practical matter impair or impede the person's ability to protect the interest; or
> > (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

Fed. R. Civ. P. 19(a)(1). By its plain language, this rule is disjunctive and requires only one of the three situations identified in the Rule to be met in order for an omitted entity to be deemed a required party. *Hooper v. Wolfe*, 396 F.3d 744, 748 (6th Cir. 2005).

MCSF, KVP, and MCI are, *manifestly*, required parties pursuant to Rule 19(a)(1). Plaintiff's Complaint (in the very first numerical paragraph) announces unequivocally that:

> **[t]his is an action to pierce the corporate veil of Martin Collins Surfaces & Footings, LLC**, the alter-ego and sham corporation of Defendant Keeneland Association, Inc…and to enforce against Defendant an existing judgment against MCSF for breach of contract…

10

Complaint, at para. 1. (emphasis added). Plaintiff's own Complaint therefore acknowledges the logical premise that, if it seeks to recover from Keeneland, Plaintiff first has to, at the very least, pierce the corporate form of the two entities of which Keeneland is purportedly an "alter ego" – MCSF and KVP.

In some limited instances courts have permitted plaintiffs to avoid sequential veil piercing by permitting recovery against related parent entities without engaging in the technical exercise of first piercing each layer of the corporate family. See e.g. Inter-Tel Techs., Inc. v. Linn Station Props., LLC, 360 S.W.3d 152, 166 (Ky. 2012). Those instances, however, are confined to cases in which the facts justify it because "such entities have acted in concert without regard *to their own* corporate separateness to achieve the unjust results that veil piercing protects against…" Id. at 166. (Ky. 2012). Here, the Complaint and Declaration are entirely devoid of any allegations as to a lack of corporate separateness between KVP and Keeneland, thus there is no basis by which Plaintiff should be permitted to simply pierce MCSF's veil and recover directly against Keeneland without first demonstrating why the veil of the intermediary entities – KVP, in particular – should also be pierced.

Moreover, Plaintiff's Complaint attempts to do something altogether different than merely avoiding sequential veil piercing. Instead, Plaintiff attempts to pierce the veil of MCSF and recover directly against Keeneland, **all without even naming MCSF, KVP, or MCI as parties to the action** or making allegations that would justify leapfrogging MCSF and KVP altogether. The law does not support the kind of end-around recovery attempted by Plaintiff in this action, and Keeneland is unaware of any case in which a plaintiff was permitted to pierce the corporate veil and recover against a parent corporation – let alone a grandparent corporation – without at least naming the corporation that was being pierced and the intermediary entities as

parties. For this reason, Plaintiff's omission of MCSF, MCI, and KVP is improper and constitutes a failure to name required parties under rule 19(a)(1).

## CONCLUSION

Plaintiff's Complaint fails to allege any plausible factual basis for piercing MCSF's corporate veil to recover against Keeneland. Plaintiff's Complaint also fails to include required parties under Fed. R. Civ. P. 19 that are necessary to obtain the requested relief. The Complaint, therefore, should be dismissed with prejudice for failure to state a claim for which relief can be granted against Keeneland under Fed. R. Civ. P. 12(b)(6) and for failure to join required parties under Fed. R. Civ. P. 12(b)(7).

Respectfully submitted,

s/Steven B. Loy
Steven B. Loy
W. Chapman Hopkins
Stoll Keenon Ogden PLLC
300 West Vine Street, Suite 2100
Lexington, Kentucky 40507-1801
Telephone: (859) 231-3000
Fax: (859) 253-1093
*Counsel for Defendant Keeneland Association, Inc.*

## CERTIFICATE OF SERVICE

      I hereby certify that a copy of the foregoing was filed electronically with the Clerk of the Court this 21st day of March, 2016, and will be served electronically to designated CM/ECF participant counsel through the Court's electronic filing system.

s/Steven B. Loy<br>
COUNSEL FOR DEFENDANT

010210.153136/4490646.1